# SUPREME COURT.

SAMUEL ABRAHAMS and others, executors, &c., agt. THEODORE CLAUSSEN and others.

*Mortgage foreclosure — usury — extension of mortgage.*

Where a mortgagor paid to the holder of the mortgage $100 in addition to the lawful interest to procure an extension of the time within which to pay the debt secured by the mortgage: *Held*, that the security given for the original debt was not impaired by such payment, but the amount so paid should be applied as a payment on the mortgage debt.

By the payment of $100 besides the lawful interest the mortgagor secured an extension of the mortgage for three years. The bond accompanying the mortgage required the interest to be paid semi-annually. In an action to foreclose the mortgage for default in the payment of an install-ment of interest which became due November 1, 1875: *Held*, that the extension of the mortgage did not postpone or extend the time to pay the interest, the time for such payment remained unaltered, and the action for foreclosure was properly brought.

*Special Term, October,* 1876.

ON the 21st of October, ·1872, the defendant, Claussen, made his bond, whereby he promised to pay to the defendant Schlesinger the sum of $2,450, on November 1, 1874, with interest at seven per cent, payable semi-annually, on the first of November and May in each year; with the provision that should default be made in the payment of interest, and should the same remain in arrears for thirty days, the whole amount of the said bond should, at the option of the party of the second part, become and be due and payable ; and, at the same time, Claussen executed to Schlesinger a mortgage on premises in Third street, near Avenue C, in the city of

New York, to secure the payment of the said bond; which mortgage contained the same conditions as the bond as to payment and default; which bond and mortgage was, on December 3, 1872, assigned by Schlesinger to one Fembacher, of whom the plaintiffs in this action are executors.

On November 16, 1874, Fembacher, the then owner of the bond and mortgage, received from the then owner of the property, one Joseph W. Smith (through one Fisher, his agent), $185.75 ; eighty-five dollars and seventy-five cents of this amount was to pay for the interest then due on the said bond and mortgage, and the balance $100, for extending the mortgage for three years — to November 1, 1877 — and said Fembacher delivered to him a paper, of which the following is a copy :

"Rec'd, New York, Nov. 16th, 1874, of Mr. F. S. Fisher, one hundred eighty-five 75-100, for interest up to the 1st of Nov., & value rec'd for extending the mortgage for three years to Nov. 1st, 1877.

100 for extending mortgage.      W. FEMBACHER.
85.75 for interest.

185.75"

Default having been made in the payment of the *interest*, which became due November 1, 1875, the plaintiffs bring this action to foreclose, claiming that the whole amount of the bond and mortgage became due by reason of the default in the payment of said interest. The defendant Smith alone answered, and set up as a defense:

First. That by the payment of the $100, the bond and mortgage became void by reason of usury, in the receipt of said sum.

Second. That for the said $100, the said Fembacher had extended payment of the moneys secured by the bond and mortgage, until November 1, 1877.

On the trial, counsel for the plaintiff gave credit to the

Abrahams agt. Claussen.

defendant for the $100, on account of the principal money. Counsel for the defendants claimed that the extension of the mortgage also extended the time of the payment of interest, and that no action could be commenced for non-payment of either principal or interest until November 1, 1877, although default was made in the payment of the interest due November 1, 1875.

*Joseph Bellesheim,* attorney, *A. C. Anderson,* of counsel, for plaintiff. Cited *Real Estate and T. Company* agt. *Keech* (7 *Hun,* 253).

*Ely & Smith,* attorneys, *Moses Ely,* of counsel, for defendant Smith.

VAN VORST, J. — The case of *The Real Estate and Trust Company* agt. *Keech* (7 *Hun,* 253) is adverse to the defense of usury in this action. It is there held, that where a mortgagor paid to a holder of the mortgage $1,000 in addition to the lawful interest, to secure an extension of the time within which to pay the debt secured by the mortgage, that the security given for the original debt was not impaired by such payment, but the amount so paid should be applied as a payment on the mortgage debt.

By the payment of $100, besides the lawful interest, the mortgagor secured an extension of the mortgage for three years. It is claimed by the counsel for the mortgagor that the extension postpones the payment of interest as well as principal for the period named. I think this is a strained and unnatural construction. The bond accompanying the mortgage requires the interest to be paid semi-annually. The receipt for the payment of the $100 does not refer to the bond. I think the time for the payment of interest remains unaltered ; and there being a default in the payment of an installment, according to the terms of the bond, the action for foreclosure is properly brought, and there should be judgment for foreclosure and sale.